

FILED
SUPERIOR COURT
OF GUAM

2018 JAN 22 PM 4: 45

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

vs.

TANNY FRED,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CF0433-17

**DECISION AND ORDER ON DEFENDANT'S MOTION TO SUPPRESS PHOTO IDENTIFICATION**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on October 27, 2017 upon Defendant Tanny Fred's ("Defendant") Motion to Suppress Photo Identification. During the hearing, Assistant Public Defender Eric R. Overton represented Defendant and Assistant Attorney General Jeremiah B. Luther represented the People of Guam ("the People"). Having considered the parties' arguments, evidence received during the hearing, and the applicable law, the Court issues the following Decision and Order and DENIES Defendant's Motion to Suppress.

## BACKGROUND

On August 8, 2017, Defendant was charged with Second Degree Robbery (as a Second Degree Felony) in violation of 9 G.C.A. §§ 40.20(a)(3) and (b) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony. (Indictment, Aug. 8, 2017.) The indictment arises from events that occurred on or about July 27, 2017 when law enforcement responded to a robbery complaint in the village of Mangilao. While responding to

the complaint, law enforcement personnel from the Guam Police Department ("GPD") interviewed the victim, who provided a description of her assailant. On the following day, law enforcement located an individual matching the description that was provided by the victim and took a photo of said suspect – later identified as Defendant. The victim positively identified Defendant as her assailant via the photo taken by law enforcement.

During Defendant's arraignment hearing on August 16, 2017 on the aforementioned charges, Defendant entered his plea of not guilty and asserted his right to a speedy trial pursuant to 8 G.C.A. § 80.60. Defendant later waived his right to a speedy trial.

On September 8, 2017, Defendant filed the current Motion to Suppress Photo Identification ("Motion to Suppress"). The People filed a Response to Defendant's Motion to Suppress therein requesting for an evidentiary hearing on the motion. On October 27, 2017, the Court held a suppression hearing and received evidence on the Motion to Suppress, including testimony from GPD Detective Ronnel Rivera ("Detective Rivera"). At the end of the hearing, the Court took the matter under advisement.

## DISCUSSION

Defendant's sole argument is that law enforcement utilized improper procedures in attempting to identify Defendant as the individual responsible for the alleged robbery that occurred on July 27, 2017 in Mangilao. (Def.'s Mot. to Suppress at 3:1-14, Sep. 8, 2017.) In furtherance of this argument, Defendant suggests that law enforcement employed an "impermissibly suggestive" identification procedure, in violation of Defendant's due process rights, when they showed the victim a photo of Defendant – taken by GPD – around the vicinity of the crime rather than conducting a live lineup or traditional photo array. (Id.) The Court disagrees with Defendant's argument and finds that the procedure utilized by law enforcement was proper based on the totality of the circumstances.

Under the Organic Act, as well as the due process clause of the Fourteenth Amendment, "[n]o person shall be deprived of life, liberty, or property without due process of law." 48 U.S.C. § 1421b(e); U.S. Const. Amend. XIV. Based on principles of due process, the Court should bar admission of an out-of-court identification that is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." People v. Diego, 2013 Guam 15 ¶ 16. See also People v. Chargualaf, 2001 Guam 1 ¶ 36.

Among the identification procedures used by law enforcement is a showup, which the Guam Supreme Court ("Supreme Court") defined as "a pretrial identification procedure in which a suspect is confronted with a witness to or victim of a crime." Diego, 2013 Guam 15 at n. 2 (citing Black's Law Dictionary (8th ed. 2004)). Generally, a showup is considered to be a suggestive confrontation that is disfavored because it increases the likelihood of misidentification. Stovall v. Denno, 388 U.S. 293, 302 (1967) ("[t]he practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned"); Neil v. Biggers, 409 U.S. 188, 199 (1972) ("[s]uggestive confrontations are disapproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous.").

Even if law enforcement authorities utilize a suggestive identification procedure, such as a showup, the Court must consider "whether the improper identification procedure so tainted the resulting identification as to render it unreliable and therefore inadmissible." Perry v. New Hampshire, 565 U.S. 228, 235 (2012) (citations omitted). Therefore, when identification procedures are suggestive, "the central question [is] whether under the 'totality of circumstances' the identification was reliable even though the confrontation procedure was suggestive". Neil, 409 U.S. at 199 (1972); see also Manson v. Brathwaite, 432 U.S. 98, 113-114 (1977) (listing various factors to determine reliability). In determining this question, the Court should consider the following factors: "(1) the witness's opportunity to view the criminal at the time of crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation." United States v. Jones, 84 F.3d 1206, 1209 (9th Cir. 1996).

Here, the Court received testimony from Detective Rivera who interviewed the victim within hours of the robbery and received details regarding her assailant's description. (Testimony of Detective Rivera ("Rivera Test."), Digital Recording at 10:11:14 a.m. – 10:11:50 a.m., Oct. 27, 2017.) The victim informed Detective Rivera that her assailant was was male, dark, had a slim build, had long hair and facial hair, and was wearing a camouflage t-shirt with a Budweiser logo. (Id.) The victim further informed Detective Rivera that she was able to get a

good view of her assailant because he was not wearing a mask as he approached the driver's side door of her vehicle during the robbery. (Id. at 10:12:01 a.m. – 10:13:39 a.m.) With this description, Detective Rivera and other law enforcement officials conducted a search of the immediate vicinity of the robbery. (Id. at 10:14:54 a.m. – 10:19:09 a.m.) On the following day, Detective Rivera continued their search and located an individual matching the description provided by the victim around a half mile from the crime scene. (Id.) The individual, who was later identified as Defendant, consented to have his photo taken by law enforcement. (Id. at 10:20:30 a.m. – 10:24:37 a.m.) Detective Rivera then shared the photo of Defendant with the victim, along with photos of two other individuals matching the description. (Id.) According to Detective Rivera, the victim firmly and positively identified the photo of Defendant as her assailant "without hesitation". (Id. at 10:26:44 a.m. – 10:27:30 a.m.)

Based on the personal observations and testimony of Detective Rivera, the Court finds that the witness had a good opportunity to observe her assailant at the time of the crime with great detail as she was in close proximity to the individual. Furthermore, the witness displayed a strong level of certainty as to her identification and the confrontation with the photograph of Defendant occurred within a day of the alleged robbery therefore strengthening the reliability of the identification. Accordingly, the identification was sufficiently reliable even though the confrontation procedure may have been suggestive. Such a procedure was also necessary under the circumstances as it allowed for an affirmative and prompt identification of the victim's assailant, who was in the process of being questioned by law enforcement during the time of the identification.[1]

///

///

///

///

---

[1] Defendant has not specifically pointed to any observations or suggestions by law enforcement when confronting the victim with Defendant's photo that cast any doubt as to the reliability of the identification.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion to Suppress. A Pre-Trial Conference is scheduled for February 27, 2018 at 3:00 p.m.

**IT IS SO ORDERED** on this 22nd day of January, 2018.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Date: _____ Time: _____

Deputy Clerk, Superior Court of Guam